Tom Friel (SBN 80065)
tfriel@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Jim Brogan  (SBN 155906)
jbrogan@cooley.com
Orion Armon (*pro hac vice*)
oarmon@cooley.com
Sarah Guske (SBN 232467)
sguske@cooley.com
Peter Sauer (*pro hac vice*)
psauer@cooley.com
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Attorneys for Plaintiff
*ENFISH, LLC*

(Continued on next page)

Chad S. Campbell (SBN 258723)
CSCampbell@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  (602) 351-8000
Facsimile:  (602) 648-7000

Lauren Sliger (SBN 213880)
LSliger@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  (310) 788-3245
Facsimile:  (310) 788-3399

Amy E. Simpson (SBN 241090)
ASimpson@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130-3579
Telephone:  (858) 720-5700
Facsimile:  (858) 720-5799

Attorneys for Defendants
*MICROSOFT CORPORATION,
FISERV, INC., INTUIT INC., and
JACK HENRY & ASSOCIATES, INC.*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENFISH, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>MICROSOFT CORPORATION; FISERV, INC.; INTUIT INC.; SAGE SOFTWARE, INC.; and JACK HENRY & ASSOCIATES, INC.,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV12-7360 MRP (MRWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

Amanda Tessar
atessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: (303) 291-2300
Facsimile: (303) 291-2400

Attorneys for Defendants
*MICROSOFT CORPORATION,*
*FISERV, INC., INTUIT INC., and*
*JACK HENRY & ASSOCIATES, INC.*

William J. Brown, Jr.
bill@bwb-lawyers.com
Janet Suejean Park
jpark@bwb-lawyers.com
BROWN, WEGNER & BERLINER LLP
2603 Main Street, Suite 1050
Irvine, CA 92614-6232
Telephone: (949) 705-0080

Attorneys for Defendant
*SAGE SOFTWARE, INC.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## II.    DEFINITIONS

**1.**     This Litigation or the Litigation: Case Number CV12-7360 MRP (MRWx), for so long as the case may be pending in the United States District Court for the Central District of California or any appellate court, regardless of whether any individual parties to the case settle or are dismissed, and any case that is consolidated with or arises from the aforementioned case.  This definition is the same for and shall be identically construed as to all past, present, or future parties to the case.

**2.**     Party: any party to this Litigation.

**3.**     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**4.**     "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

**5.**     "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items

Cooley LLP
Attorneys At Law
San Francisco

3.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

1  whose disclosure to another Party or non-Party would create a substantial risk of

2  serious injury that could not be avoided by less restrictive means.

3       **6.**    "HIGHLY CONFIDENTIAL – SOURCE CODE": extremely sensitive

4  Confidential Information or Items representing computer code and associated

5  comments and revision histories, the disclosure of which to another Party or non-

6  Party would create a substantial risk of serious harm that could not be avoided by

7  less restrictive means.

8       **7.**    Receiving Party: a Party that receives Disclosure or Discovery

9  Material from a Producing Party.

10       **8.**    Producing Party: a Party or non-Party that produces Disclosure or

11  Discovery Materials in this Litigation.

12       **9.**    Designating Party: a Party or non-Party that designates Disclosure or

13  Discovery Materials produced in this Litigation as "CONFIDENTIAL," "HIGHLY

14  CONFIDENTIAL – COUNSELS' EYES ONLY," or "HIGHLY CONFIDENTIAL

15  – SOURCE CODE."

16       **10.**    Protected Material: any Disclosure or Discovery Material that is

17  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS'

18  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as well as all

19  copies, excerpts, summaries, or compilations thereof.  Public documents or publicly

20  available information may not be designated as Protected Material.

21       **11.**    Outside Counsel: attorneys who are not employees of a Party but who

22  are retained to represent or advise a Party in this Litigation, as well as their

23  employed paralegals, secretaries, and other administrative support staff.

24       **12.**    In-house Counsel: attorneys who are employees of a Party, as well as

25  their employed paralegals, secretaries, and other administrative support staff.

26       **13.**    Counsel (without qualifier): Outside Counsel and In-house Counsel (as

27  well as their support staffs).

28       **14.**    Expert: a person with specialized knowledge or experience in a matter

Cooley LLP
Attorneys At Law
San Francisco

4.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation.

15.     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this Litigation.

16.     Final Disposition: the date of the final, legal conclusion of this Litigation with respect to all Parties thereto, whether by entry of a final, non-appealable judgment, by voluntary dismissal(s), or by settlement(s).  The Final Disposition shall be the same date for all Parties, regardless of whether the Litigation is legally concluded as to an individual Party on an earlier date.

## III.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied, excerpted, or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

## IV.   DURATION

Even after the Final Disposition in this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.    DESIGNATING PROTECTED MATERIAL

1.     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

Cooley LLP
Attorneys At Law
San Francisco

5.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

1          **(a)**     for information in documentary form (e.g., paper or electronic

2    documents, but excluding transcripts of depositions or other pretrial or trial

3    proceedings), that the Producing Party affix the legend "CONFIDENTIAL,"

4    "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY," or "HIGHLY

5    CONFIDENTIAL – SOURCE CODE" at the top or bottom of each page that

6    contains Protected Material.

7          A Party or non-Party that makes original documents or materials

8    available for inspection need not designate them for protection until after the

9    inspecting Party has indicated which material it would like copied and produced.

10    During the inspection and before the designation, all of the material made available

11    for inspection shall be deemed "HIGHLY CONFIDENTIAL – COUNSELS' EYES

12    ONLY," unless it includes Source Code, in which case it will be governed by

13    Section VIII below.  After the inspecting Party has identified the documents it

14    wants copied and produced, the Producing Party must determine which documents

15    qualify for protection under this Order, then, before producing the specified

16    documents, the Producing Party must affix the appropriate legend

17    ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY"

18    or "HIGHLY CONFIDENTIAL – SOURCE CODE") at the top or bottom of each

19    page that contains Protected Material.

20          **(b)**     for testimony given in deposition or in other pretrial or trial

21    proceedings, Parties or non-Parties providing testimony may designate deposition

22    transcripts, or portions thereof, as Protected Material by indicating the appropriate

23    designation on the record before the close of the deposition, hearing, or other

24    proceeding, or by notifying the court reporter and all counsel in writing of the

25    appropriate designation within fourteen (14) business days after receiving the

26    transcript, during which fourteen (14) day period the deposition transcript shall be

27    treated as HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY.

28          Transcripts containing Protected Material shall have an obvious legend

Cooley LLP
Attorneys At Law
San Francisco

6.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

   **(c)**  for information produced in some form other than documentary and for any other tangible items, that the Producing Party must either affix in a prominent place on the exterior of the container or containers or media in which the information or item is stored and/or produced the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or, if that is not practicable, use other reasonable efforts to communicate the designation to the Receiving Party, in writing.

   **(d)**  for information or items produced by non-parties (e.g., documents obtained by third-party subpoenas), the non-Party shall determine in accordance with this Protective Order whether the information should be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information disclosed by any non-Party will be given the same protection as information disclosed by any Party to this Litigation, and will be subject to the same procedures as those governing disclosure of the Parties' "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information pursuant to this Protective Order.

   **2.**  Inadvertent Failures to Designate.  A Designating Party that

Cooley LLP
Attorneys At Law
San Francisco

7.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

inadvertently fails to mark information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" at the time of production shall be allowed to correct such failure at any time.  In that event, the Designating Party shall provide notice in writing to all Receiving Parties, accompanied, as necessary, by appropriately marked substitute copies of such information or items.  Upon receipt of such notice, a Receiving Party will take appropriate steps to assure that the previously unmarked information or items are treated as Protected Material in accordance with the provisions of this Order, including retrieving and returning or destroying all previously unmarked or mismarked copies of the information or items.  To the extent the Receiving Party has already disclosed such information, such disclosure shall not be a violation of this Protective Order, but the Receiving Party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the Producing Party.

**3.**     De-Designating Material for Protection.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, in whole or in part, that Party or non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**1.**     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by not mounting a challenge promptly after the original designation is disclosed.

**2.**     Meet and Confer.  The party challenging a designation shall initiate the dispute resolution process by providing written notice of each designation it is

Cooley LLP
Attorneys At Law
San Francisco

8.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**3.**    Judicial Intervention.  If the parties' dispute is not resolved through the meet-and-confer process, the challenging Party may, following the procedures set forth in Local Rule 37, file a motion that identifies the challenged material and sets forth in detail the basis for the challenge that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  The parties shall attempt in good faith to combine as many disputed issues as possible when bringing a motion under this Section.

**VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**1.**    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation.  A

Receiving Party may not use Protected Material for any business, commercial, or competitive purpose, or during the course of any other case, litigation, or proceeding.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Final Disposition of the Litigation has occurred, a Receiving Party must comply with the provisions of Section XIV below.

**2.**      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**3.**      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

**(a)**      Outside Counsel in this Litigation, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this Litigation;

**(b)**      Two (2) employees for each Party who have first signed the "Acknowledgment and Agreement of Confidentiality" (Exhibit A) and to whom the Receiving Party concludes disclosure is reasonably necessary for this Litigation. Notwithstanding the foregoing, no In-house Counsel or employee of a given Defendant shall have access to the Protected Material of any other Defendant without the written consent of the producing Defendant;

**(c)**      Up to five (5) designated In-house Counsel of the Receiving Party and their employee support staff to whom the Receiving Party concludes disclosure is reasonably necessary for this Litigation who have signed the "Acknowledgment and Agreement of Confidentiality" (Exhibit A). Notwithstanding the foregoing, no In-house Counsel or employee of a given Defendant shall have access to the Protected Material of any other Defendant

Cooley LLP
Attorneys At Law
San Francisco

10.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective Order

1   without the written consent of the producing Defendant;

2       **(d)**    Experts (1) who have been retained for the purposes of this

3   Litigation; (2) to whom the Receiving Party concludes disclosure is reasonably

4   necessary for this Litigation; (3) who have signed the "Acknowledgement and

5   Agreement of Confidentiality" (Exhibit A); and (4) as to whom the procedures set

6   forth in Section VII.7, below, have been followed;

7       **(e)**    The Court and its personnel (and any mediator or technical

8   advisor appointed by the Court);

9       **(f)**    Court reporters and their staffs, to whom the Receiving Party

10  concludes disclosure is reasonably necessary for this Litigation, and for court

11  reporters and their staff that are not employed by the Court, they must first sign the

12  "Acknowledgment and Agreement of Confidentiality" (Exhibit A);

13      **(g)**    Professional Vendors to whom the Receiving Party concludes

14  disclosure is reasonably necessary for this Litigation and who have first signed the

15  "Acknowledgment and Agreement of Confidentiality" (Exhibit A);

16      **(h)**    Any persons who are witnesses during a deposition, court

17  hearing, or trial where specific documentary or testimonial evidence establishes on

18  the record that the witness has seen the Protected Material before or that the

19  Protected Material is otherwise known to the witness without any violation of any

20  confidentiality obligation owed to any Party in this Litigation, including, but not

21  limited to, where the person is identified in a Designating Party's document or in

22  deposition testimony of a Designating Party's employee as a person who already

23  has knowledge of the information contained in the document; and

24      **(i)**    Mock jurors hired by trial consultants in connection with this

25  litigation, who may only be told about or shown CONFIDENTIAL documents

26  provided: (1) they are not affiliated with any party to this case or their direct

27  competitors; (2) they agree in writing to be bound by confidentiality; and (3) they

28  are not themselves given custody of any documents, nor permitted to remove any

Cooley LLP
Attorneys At Law
San Francisco

11.

**CV12-7360 MRP (MRWx)**
**[Proposed] Stipulated Protective Order**

presentations, questionnaires, or notes taken during the exercise from any room in which the research is conducted.

**4.** Disclosure of "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" only to:

**(a)** Outside Counsel in this Litigation, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this Litigation;

**(b)** Up to five (5) designated In-house Counsel of the Receiving Party and their support staff to whom the Receiving Party concludes disclosure is reasonably necessary for this Litigation who have signed the "Acknowledgment and Agreement of Confidentiality" (Exhibit A).  Notwithstanding the foregoing, no In-house Counsel or employee of a given Defendant shall have access to the Protected Material of any other Defendant without the written consent of the producing Defendant;

**(c)** Experts (1) who have been retained for the purposes of this Litigation; (2) to whom the Receiving Party concludes disclosure is reasonably necessary for this Litigation, (3) who have signed the "Acknowledgement and Agreement of Confidentiality" (Exhibit A), and (4) as to whom the procedures set forth in Section VII.7, below, have been followed;

**(d)** The Court and its personnel (and any mediator or technical advisor appointed by the Court);

**(e)** Court reporters and their staffs, to whom the Receiving Party concludes disclosure is reasonably necessary for this Litigation, and for court reporters and their staff that are not employed by the Court, they must first sign the "Acknowledgment and Agreement of Confidentiality" (Exhibit A);

Cooley LLP
Attorneys At Law
San Francisco

12.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective Order

1       **(f)**      Professional Vendors to whom the Receiving Party concludes

2  disclosure is reasonably necessary for this Litigation and who have first signed the

3  "Acknowledgment and Agreement of Confidentiality" (Exhibit A);

4       **(g)**     Mock jurors hired by trial consultants in connection with this

5  litigation may only be told about or shown HIGHLY CONFIDENTIAL –

6  COUNSELS' EYES ONLY documents provided: (1) they are not affiliated with

7  any party to this case or their direct competitor; (2) they agree in writing to be

8  bound by confidentiality; and (3) they are not themselves given custody of any

9  documents, nor permitted to remove any presentations, questionnaires or notes

10  taken during the exercise from any room in which the research is conducted.

11  Parties may not show mock jurors any HIGHLY CONFIDENTIAL – SOURCE

12  CODE documents; and

13       **(h)**     Any persons who are witnesses during a deposition, court

14  hearing, or trial where specific documentary or testimonial evidence establishes on

15  the record that the witness has seen the Protected Material before or that the

16  Protected Material is otherwise known to the witness without any violation of any

17  confidentiality obligation owed to any Party in this Litigation, including, but not

18  limited to, where the person is identified in a Designating Party's document or in

19  deposition testimony of a Designating Party's employee as a person who already

20  has knowledge of the information contained in the document.

21      **5.**     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE"

22  Information or Items.  Unless otherwise ordered by the Court or permitted in

23  writing by the Designating Party, a Receiving Party may disclose any information

24  or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

25       **(a)**     Outside Counsel in this Litigation, as well as employees of said

26  counsel to whom it is reasonably necessary to disclose the information for this

27  Litigation;

28       **(b)**     Experts (1) who have been retained for the purposes of this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

Litigation; (2) to whom the Receiving Party concludes disclosure is reasonably necessary for this Litigation, (3) who have signed the "Acknowledgement and Agreement of Confidentiality" (Exhibit A), and (4) as to whom the procedures set forth in Section VII.7, below, have been followed;

(c)     The Court and its personnel (and any mediator or technical advisor appointed by the Court);

(d)     Court reporters and their staffs, to whom the Receiving Party concludes disclosure is reasonably necessary for this Litigation, and for court reporters and their staff that are not employed by the Court, they must first sign the "Acknowledgment and Agreement of Confidentiality" (Exhibit A); and

(e)     Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes on the record that the witness has seen the Protected Material before or that the Protected Material is otherwise known to the witness without any violation of any confidentiality obligation owed to any Party in this Litigation, including, but not limited to, where the person is identified in a Designating Party's document or in deposition testimony of a Designating Party's employee as a person who already has knowledge of the information contained in the document.

**6.**     For the avoidance of doubt, no employee of a Party, including In-House Counsel, may review any "HIGHLY CONFIDENTIAL – SOURCE CODE" produced by another Party.

**7.**     Procedures for Approving Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts

(a)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or items that have been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY," or "HIGHLY CONFIDENTIAL

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

1  – SOURCE CODE" first must make a written request to the Designating Party that

2  (1) sets forth the full name and professional address and/or affiliation of the

3  proposed expert or consultant and the city and state of his or her primary residence,

4  (2) includes an up-to-date curriculum vitae identifying all present and prior

5  employments or consultancies from which the expert or consultant has received

6  compensation for work in his or her areas of expertise or to whom the expert has

7  provided professional services in the last seven years, (3) identifies each company

8  with which the Expert has a formal or informal agreement to provide professional

9  services in the future, (4) identifies (by name and number of the case, filing date,

10 and location of court) any litigation in connection with which the Expert has

11 provided any professional services during the preceding five years, with an

12 identification of which party that the Expert provided those services, (5) indicates

13 whether the Expert will have access to "HIGHLY CONFIDENTIAL – SOURCE

14 CODE," and (6) attaches the Expert's execution of the "Acknowledgement and

15 Agreement of Confidentiality" that is attached hereto as Exhibit A.

16      **(b)**     A Party that makes a request and provides the information

17 specified in the preceding paragraph may disclose the subject Protected Material to

18 the identified Expert unless, within seven (7) calendar days of delivering the

19 request, the Party receives a written objection from the Designating Party.  Any

20 such objection must set forth in detail the grounds on which it is based.

21      **(c)**     A Party that makes a timely written objection must meet and

22 confer with the Receiving Party to try to resolve the matter by agreement within ten

23 (10) business days of making the objection.  If no agreement is reached, the Party

24 seeking to make the disclosure to the Expert may file a motion for leave to provide

25 Protected Materials to the Expert with the Court, following the procedures set forth

26 in Local Rule 37.  Until the Court rules on any such motion, the Protected Material

27 shall not be disclosed to the Expert, unless the objecting Party consents in writing.

28 The Designating Party shall bear the burden of showing why disclosure to the

Cooley LLP
Attorneys At Law
San Francisco

15.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

Expert should be precluded.

## VIII.  PROCEDURES FOR DISCLOSURE OF HIGHLY CONFIDENTIAL SOURCE CODE

1.      Nothing in this Protective Order shall be deemed to be a conclusion or order with respect to the question of what Source Code, if any, that a Party must make available for review.  Each Party reserves the right to object to any request for Source Code, including without limitation, objections based on burden or relevance.  To the extent that any Party makes Source Code available for review, the terms herein shall govern.

2.      Each party shall make a single electronic copy of relevant and responsive "HIGHLY CONFIDENTIAL – SOURCE CODE" available for inspection by the opposing party's outside counsel and any other person qualified to access the Source Code under the Protective Order, subject to the following provisions:

(a)      All Source Code produced for inspection pursuant to these provisions shall be made available at one office of Outside Counsel for the Producing Party, or another mutually agreed upon location, or as otherwise ordered by the Court.

(b)      Each Producing Party shall make source code available for inspection by authorized persons through the fact discovery period and until expert discovery (including depositions) concludes.

(c)      Once a Producing Party has confirmed that source code is available for review, any single reviewing session shall be conducted during regular business hours (9:00 A.M. to 5:00 P.M. local time, Monday-Friday, excluding holidays) on five (5) business days' written notice, or on such other dates as may be mutually agreed.  Such notice shall identify all persons who will review the Producing Party's Source Code during the reviewing session, who may be required to provide photo identification before any review session.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

**(d)**     All Source Code produced for inspection pursuant to these provisions shall be made available in a private, secure room on a secured, stand-alone computer without Internet access or network access to other computers, or shall be made available in another form mutually agreed upon by the parties. Multiple defendants shall not make their Source Code available on the same secured computer.  All secured computers to be used during any single reviewing session shall be located in the same private, secure room.

**(e)**     The Source Code review may be supervised at the Producing Party's discretion, so long as the supervision is done in a way that does not interfere with the Receiving Party's ability to review the Source Code.

**(f)**     No recordable media or recordable devices shall be permitted into the Source Code review room, including without limitation sound recorders, computers, peripheral equipment, cell phones, cameras, CDs, DVDs, or drives any kind.

**(g)**     The Producing Party will provide source code for review on a computer of similar quality, and with similar technical specifications, to the computers used by professionals who work in the hosting location.

**(h)**     The Receiving Party may request that commercially available software tools for viewing and searching Source Code be installed on the review computer, provided, however that such software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with a CD or DVD containing such licensed software tool(s) at least two weeks in advance of the date on which the Receiving Party wishes to have the additional software tools available for use on the Source Code computer.  The Producing Party shall make reasonable efforts to ensure that the software is installed and will notify the Receiving Party if any technical difficulties are encountered.  The Producing Party shall notify the Receiving Party of any objections to such software tools being

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

installed.  The Source Code may not be compiled by the Receiving Party.

   **(i)**  The Receiving Party may print-out a reasonable number of pages of Source Code on pre-labeled pages provided by the Producing Party.  The Receiving Party may ***not*** leave the review room with any such pages.  The Receiving Party will only print portions of the Source Code that are reasonably necessary to facilitate the Receiving Party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, or (3) to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.

   **(j)**  The Producing Party shall have five business days to review any printouts and, absent any objection, produce the printouts.  The Producing Party may challenge any request for printouts pursuant to the dispute resolution procedure set forth in Paragraph VI, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

   **(k)**  The Receiving Party will not copy, remove, or otherwise transfer any Source Code from the review computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind.  The Receiving Party will not transmit any Source Code in any way from the review facility.

   **(l)**  During inspection of the Source Code, the Receiving Party may take notes, but may not copy the Source Code into the notes.  The Receiving Party shall maintain and store any paper copies of the Source Code or notes related to such Source Code in a manner that prevents duplication of or unauthorized access

Cooley LLP
Attorneys At Law
San Francisco

18.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective Order

1  to the Source Code or notes, including, storing the Source Code or notes in a locked

2  room or cabinet at all times when those materials are not in use.  Any such notes

3  must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

4        **(m)**    Unless otherwise agreed by the parties in writing, following

5  each reviewing session, the Receiving Party shall remove all notes, documents, and

6  all other materials from the room that may contain work product and/or attorney-

7  client privileged information.  The Producing Party shall not be responsible for any

8  items left in the room following each reviewing session.

9        **(n)**    The Receiving Party may make no more than five (5) additional

10  paper copies of any printed portions of Source Code, not including copies attached

11  to court filings or used at depositions.  The Receiving Party's outside counsel shall

12  maintain a log of all paper copies of Source Code printed or copied by the

13  Receiving Party or received from the Producing Party that are disclosed by the

14  Receiving Party to any person qualified to view the material under the Protective

15  Order.  The log shall include the names of the reviewers and/or recipients of the

16  paper copies of the Source Code and locations where the paper copies of the Source

17  Code are stored.  Upon seven days written notice, the Receiving Party shall provide

18  a copy of this log to the Producing Party.  Notwithstanding the foregoing, nothing

19  in this section shall prevent a Party from making such hard copies of Source Code

20  as are necessary for use by persons authorized to access Source Code under the

21  Protective Order for use in pleadings, exhibits, expert reports, discovery documents,

22  other Court documents, or any drafts of these documents.  A Receiving Party may

23  quote a Producing Party's Source Code in, or attach portions of the Producing

24  Party's Source Code to, any Court filing; provided, however, that the Receiving

25  Party must file any document containing Source Code under seal.

26        **(o)**    All hard copies of printouts designated "HIGHLY

27  CONFIDENTIAL – SOURCE CODE" shall be maintained in the custody and

28  control of the Receiving Party's Outside Counsel of record.  Any and all "HIGHLY

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

CONFIDENTIAL – SOURCE CODE" materials shall be stored and viewed only within the United States; it shall not leave the geographic boundaries of the United States.  Any paper copies must be maintained at all times by Receiving Party's Outside Counsel of record in a locked and secure location.  If the source code printouts are being transported, they shall be transported in a locked container by a recognized and secure overnight delivery service (with the key or combination sent separately) or in the personal custody of Outside Counsel.  The only exceptions to this subsection (o) shall be that authorized experts are permitted to review and store source code printouts (i) at a secure office or place of business that is their usual place of work (i.e., not a home office) in the United States; (ii) where the office or place of business has exterior locks that are locked whenever entrances are not supervised; (iii) that has an interior lock on the specific interior space or internal office where the printouts are stored, which is kept locked at all times; and (iv) where the code is stored in a locked, secure container when it is not actively being reviewed.

       **(p)**     No electronic copies (including scanned or photographed versions) of Source Code printouts may be made by the Receiving Party except as necessary to comply with Court filing rules.  Images or copies of "HIGHLY CONFIDENTIAL – SOURCE CODE" materials shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of "HIGHLY CONFIDENTIAL – SOURCE CODE" material as part of a filing with the Court, the filing party shall limit the portion of the "HIGHLY CONFIDENTIAL – SOURCE CODE" material filed to those lines of code that are cited in the any accompanying pleading or submission and/or that are directly relevant to and necessary for deciding the issue for which the Source Code is being filed or offered. The Receiving Party shall additionally submit the filing to the Court under seal and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20.

**CV12-7360 MRP (MRWx)**
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

in accordance with Local Rule 79-5.  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and treated as provided for in this Order and be encrypted and password protected.

**(q)** Copies of "HIGHLY CONFIDENTIAL – SOURCE CODE" materials that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of "HIGHLY CONFIDENTIAL – SOURCE CODE" materials brought to the deposition shall be securely destroyed in a timely manner following the deposition.

**(r)** A Receiving Party shall not request print outs of any Source Code for review in the first instance elsewhere, as such an approach would defeat the purposes of this Section.

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**1.** If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Litigation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," the Receiving Party must so notify the Designating Party in writing, promptly.  Such notification must include a copy of the subpoena or court order.

**2.** The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  Such notice must be given at least 30 days prior to any date for production of such documents.  In addition, the Receiving Party must deliver a copy of this Order

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1   promptly to the party in the other action that caused the subpoena or order to issue.

2       **3.**    The purpose of imposing these duties is to alert the interested parties to

3   the existence of this Protective Order and to afford the Designating Party in this

4   Litigation an opportunity to try to protect its confidentiality interests in the court

5   from which the subpoena or order issued.  The Designating Party shall bear the

6   burdens and the expenses of seeking protection of its confidential material.

7       **4.**    Nothing in these provisions should be construed as authorizing or

8   encouraging a Receiving Party in this Litigation to disobey a lawful directive from

9   another court.

10  **X.    PROSECUTION BAR**

11      **1.**    Unless otherwise specifically agreed to in writing by the parties, any

12  receiving person who reviews any of Defendants' HIGHLY CONFIDENTIAL –

13  COUNSELS' EYES ONLY or HIGHLY CONFIDENTIAL – OUTSIDE

14  COUNSELS' EYES ONLY – SOURCE CODE under this Protective Order

15  ("Prosecution Bar Materials") shall immediately refrain from drafting or amending

16  patent claims (or assisting with the drafting or amending of patent claims) before

17  any foreign or domestic agency, including the United States Patent and Trademark

18  Office, on behalf of any party to this Action or third-party that relates to the subject

19  matter of the patents-in-suit or the Prosecution Bar Materials from the person's first

20  access to the Prosecution Bar Materials until the earlier of (a) two (2) years after the

21  person provides written notice to each Producing Party of the date of the person's

22  final access to any material that is designated under this Protective Order; or (b)

23  two (2) years after a final, non-appealable judgment is entered in this action.

24      **2.**    Notwithstanding the foregoing, and for the avoidance of doubt,

25  persons who access Defendants' Protected Material may participate in a Patent

26  Office post-grant proceeding, provided, however, that such participation does not

27  involve in any way the drafting, or amending of patent claims or assisting with the

28  drafting or amending of patent claims.

Cooley LLP
Attorneys At Law
San Francisco

22.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

3.     The Prosecution Bar set forth herein shall be personal to any person who reviews Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the person's law firm or employer.  Attorneys who work on this matter without reviewing Prosecution Bar Materials shall not be restricted from engaging in prosecution activity on matters that fall within the Prosecution Bar.

## XI.   LEGAL ADVICE

Nothing in this Protective Order shall prevent outside counsel from giving legal advice based on information that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," provided such legal advice shall not reveal the substance of any designated information to a person who is not authorized to receive it.

## XII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement of Confidentiality" that is attached hereto as Exhibit A.

## XIII. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Litigation any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

## XIV. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

ninety (90) calendar days after the Final Disposition of this Litigation, each Receiving Party must destroy all Protected Material or return all Protected Material to the Producing Party.  As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that all the Protected Material was returned or destroyed and affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of record (but not Experts or anyone else) are entitled to retain all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product that do not contain "HIGHLY CONFIDENTIAL – SOURCE CODE" materials, even if such materials contain other Protected Material, provided that such retained materials are stored in a secure manner that ensures that access is limited to such Outside Counsel or their staff.  Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION), above.  Nothing herein requires any person to alter the operation of their back-up systems.

## XV.   MISCELLANEOUS

**1.**   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**2.**   Use of Party's Own Materials.  Nothing in this Order shall restrict a Party's ability to use and disclose its own designated information and items as it chooses.  Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-parties to disclose such information or items in violation of this Order.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24.

CV12-7360 MRP (MRWx)
[PROPOSED] STIPULATED PROTECTIVE
ORDER

**3.** Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. Moreover, no Party waives any right to seek further protection of any documents or to oppose requests for production.

**4.** Inadvertent Production of Privileged Information. If material subject to a claim of attorney-client privilege, work-product immunity or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information in this or any other state, federal or international proceeding. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under FRE 502(b)(2). Other methods may also constitute such reasonable steps.

**5.** Transmission and Communication of Protected Material. Nothing in this Order shall prohibit the transmission or communication of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY" Information or Items between or among qualified recipients:

    **(a)** by e-mail, if the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSELS' EYES ONLY," but not if the material is "HIGHLY CONFIDENTIAL – SOURCE CODE";

Cooley LLP
Attorneys At Law
San Francisco

25.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

1   **(b)** by hand-delivery;

2   **(c)** in sealed envelopes or containers via certified mail, return

3 receipt requested, or an established freight, delivery or messenger service, but not if

4 the material is "HIGHLY CONFIDENTIAL – SOURCE CODE"; or

5   **(d)** by telephone, telegraph, facsimile or other electronic

6 transmission system; where, under the circumstances, there is no reasonable

7 likelihood that the transmission will be intercepted or misused by any person who is

8 not a qualified recipient, but not if the material is "HIGHLY CONFIDENTIAL –

9 SOURCE CODE."

10   **6.** Receipt of Documents Containing a Party's Own Protected Material.

11 In the event that a Party receives a document that has been designated under this

12 Protective Order in this Litigation, but the document appears to have been so

13 marked solely because it contains the Party's own Protected Material (for example,

14 an interrogatory response, brief, or expert report that refers to the Party's own

15 Protected Material), the Party will not be restricted in its disclosure or use of such a

16 document after the Party confirms with Outside Counsel for the Party that produced

17 the document that the document was marked solely because it contains the Party's

18 own Protected Material.

19   **7.** Inclusion of Protected Material in Expert Reports, Briefs, and Motions.

20 A Party may include in expert reports, briefs, motions, exhibits or other litigation-

21 related documents to be served or filed in this Litigation or to be presented at

22 hearings or in trial, Protected Material received from more than one Producing

23 Party in this Litigation, regardless of whether each Producing Party remains a Party

24 to the Litigation, provided however such Protected Material is afforded all the same

25 protections set forth above based on its confidentiality designation.

26   **8.** Availability to Non-Parties.  It is expressly contemplated that the

27 protections of this Protective Order apply to non-parties.  Any Party issuing a

28 subpoena to a non-party shall enclose a copy of this Protective Order.  Non-parties

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26.

**CV12-7360 MRP (MRWx)**
**[PROPOSED] STIPULATED PROTECTIVE**
**ORDER**

1  shall not be entitled to access information of others designated under this Protective
2  Order.

3      **9.**    Privilege Logs.  No Party shall be required to log any information
4  created or dated on or after the date this Litigation was filed.

5      **10.**    Expert Discovery.  A testifying Expert's draft reports, notes, outlines,
6  and any other writings leading up to his or her final report(s) in this case are exempt
7  from discovery.  In addition, all communications with a testifying Expert with
8  respect to his or her work on this case are exempt from discovery unless relied upon
9  by the Expert in forming his or her opinions.

10      **11.**    Retained Jurisdiction.  The Court shall retain jurisdiction to enforce
11  this Order after the Final Disposition, unless the Order is vacated.

12

13  DATED:  October 4, 2013              Respectfully submitted,

14                                          **COOLEY LLP**

15

16                                        By: */s/ Orion Armon*
                                            Orion Armon
17                                              James P. Brogan
                                            Tom Friel
18                                              Sarah Guske
                                            Peter Sauer

19                                          Attorneys for Plaintiff
20                                          *ENFISH, LLC*

  DATED:  October 4, 2013              **PERKINS COIE** LLP
21

22

23                                        By:*/s/ Amanda Tessar*
                                            Chad S. Campbell
24                                              Lauren Sliger
                                          Amy Simpson
25                                              Amanda Tessar

26                                          Attorneys for Defendants
27                                          *MICROSOFT CORPORATION, FISERV,*
*INC., INTUIT, INC., and JACK HENRY &*
*ASSOCIATES, INC.*

28

Cooley LLP
Attorneys At Law
San Francisco

27.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order

1

2

DATED:  October 4, 2013

**BROWN, WEGNER & BERLINER LLP**

3

4

By:*/s/ William J. Brown, Jr.*
    William J. Brown, Jr.
    Janet Park

5

6

Attorneys for Defendant
*SAGE SOFTWARE, INC.*

7

8

**IT IS SO ORDERED**.

9

10

DATED:  October 7, 2013

11

MARIANA R. PFAELZER
UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
San Francisco

28.

**CV12-7360 MRP (MRWx)**
**[Proposed] Stipulated Protective Order**

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ENFISH, LLC, | § | Case No. CV12-7360 MRP (MRWx) |
|     Plaintiff, | § § § | |
| v. | § | |
| MICROSOFT CORPORATION, et al. | § § § | JURY TRIAL DEMANDED |
|     Defendants. | § § § § | |

**ACKNOWLEDGEMENT AND AGREEMENT OF CONFIDENTIALITY**

I certify that I have read the Protective Order for the above-styled case. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. I understand and acknowledge that failure to comply with the terms of this Order could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I consent to the personal jurisdiction of the United States District Court, Central District of California, for any proceeding involving the enforcement of this Order.

_____
Signature

_____
Name

_____
Affiliation

_____
Date

Cooley LLP
Attorneys At Law
San Francisco

29.

CV12-7360 MRP (MRWx)
[Proposed] Stipulated Protective
Order