| | |
|---|---|
| Chad S. Campbell (SBN 258723) <br> CSCampbell@perkinscoie.com <br> PERKINS COIE LLP <br> 2901 North Central Avenue, Suite 2000 <br> Phoenix, AZ  85012-2788 <br> Telephone:  (602) 351-8000 <br> Facsimile:  (602) 648-7000 <br><br> Lauren Sliger (SBN 213880) <br> LSliger@perkinscoie.com <br> PERKINS COIE LLP <br> 1888 Century Park East, Suite 1700 <br> Los Angeles, CA  90067-1721 <br> Telephone:  (310) 788-3245 <br> Facsimile:  (310) 788-3399 <br><br> Amanda Tessar (Admitted *Pro Hac Vice*) <br> ATessar@perkinscoie.com <br> PERKINS COIE LLP <br> 1900 Sixteenth St., Suite 1400 <br> Denver, CO  80202 <br> Telephone:  (303) 291-2357 <br> Facsimile:  (303) 291-2487 <br><br> *Attorneys for Defendants and Counterclaimants Microsoft Corporation, Fiserv, Inc., Intuit Inc., and Jack Henry & Associates, Inc.* | William J. Brown, Jr. (SBN 192950) <br> bill@bwb-lawyers.com <br> Janet S. Park (SBN 263511) <br> jpark@bwb-lawyers.com <br> BROWN, WEGNER & BERLINER LLP <br> 2603 Main Street, Suite 1050 <br> Irvine, CA  92614 <br> Telephone:  (949) 705-0080 <br> Facsimile:  (949) 794-4099 <br><br> *Attorneys for Defendant and Counterclaimant Sage Software, Inc.* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENFISH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION; FISERV, INC.; INTUIT, INC.; SAGE SOFTWARE, INC.; and JACK HENRY & ASSOCIATES, INC., <br><br> Defendants. | Case No. CV12-7360 MRP (MRWx) <br><br> **DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER SECTION 112(F)** <br><br> Date:     February 13, 2014 <br> Time:    1:30 P.M. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on February 13, 2014, at 1:30 p.m. in Courtroom 12, located at 312 N. Spring Street, Lost Angeles, California, Defendants Microsoft Corporation, Fiserv, Inc., Intuit Inc., Jack Henry & Associates, Inc., and Sage Software, Inc. (collectively, "Defendants") will and hereby do move the Court for Summary Judgment of Invalidity Under Section 112(f).

The Litigation Scheduling Order in this case, dated September 12, 2013, sets forth an elaborate schedule for the parties to prepare for summary judgment motions on invalidity. Defendants have complied with the Scheduling Order in all respects and additionally have had numerous discussions with Plaintiff over the past three months regarding Defendants' intent to file motions for summary judgment of invalidity under Sections 102, 112, and/or other sections of Title 35 of the United States Code. Defendants understand that Plaintiff will oppose this motion.

This motion is based on this Notice of Motion, the attached Memorandum in Support of Motion for Summary Judgment of Invalidity Under Section 112(f), and the Declaration of Amanda Tessar. Federal law prohibits "means-plus-function" claim elements unless such claim elements appear in a claim "for a combination." 35 U.S.C. §112(f); *In re Hyatt*, 708 F.2d 712, 715 (Fed. Cir. 1983). In this case, Claims 1, 2, and 16 of the '604 patent are statutorily invalid because they claim a single element with functional language— "a means for configuring a logical table according to memory"—without combining that element with any other elements. Therefore, summary judgment of invalidity should be granted for Defendants on Claims 1, 2, and 16 of the '604 patent.

| | | |
|---|---|---|
| 1 | DATED: December 6, 2013. | Respectfully submitted, |
| 2 | | |
| 3 | | **PERKINS COIE LLP** |
| 4 | | By: *s/ Chad S. Campbell* |
| 5 | | Chad S. Campbell |
| | | Lauren Sliger |
| 6 | | Amanda Tessar (*pro hac vice*) |
| 7 | | |
| 8 | | *Attorneys for Defendants and Counterclaimants Microsoft Corporation, Fiserv, Inc., Intuit Inc., and Jack Henry & Associates, Inc.* |
| 9 | | |
| 10 | | |
| 11 | DATED: December 6, 2013. | **BROWN, WEGNER & BERLINER LLP** |
| 12 | | |
| 13 | | By: *s/ William J. Brown, Jr.* |
| | | William J. Brown, Jr. |
| 14 | | Janet S. Park |
| 15 | | *Attorneys for Defendant and Counterclaimant Sage Software, Inc.* |

-2-   CV12-7360 MRP (MRWx)
Defendants' Notice of Motion for Summary Judgment of Invalidity Under Section 112(f)

Chad S. Campbell (SBN 258723)
CSCampbell@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Lauren Sliger (SBN 213880)
LSliger@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: (310) 788-3245
Facsimile: (310) 788-3399

Amanda Tessar (Admitted *Pro Hac Vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth St., Suite 1400
Denver, CO 80202
Telephone: (303) 291-2357
Facsimile: (303) 291-2487

*Attorneys for Defendants and Counterclaimants Microsoft Corporation, Fiserv, Inc., Intuit Inc., and Jack Henry & Associates, Inc.*

William J. Brown, Jr. (SBN 192950)
bill@bwb-lawyers.com
Janet S. Park (SBN 263511)
jpark@bwb-lawyers.com
BROWN, WEGNER & BERLINER LLP
2603 Main Street, Suite 1050
Irvine, CA 92614
Telephone: (949) 705-0080
Facsimile: (949) 794-4099

*Attorneys for Defendant and Counterclaimant Sage Software, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENFISH, LLC<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION; FISERV, INC.; INTUIT, INC.; SAGE SOFTWARE, INC.; and JACK HENRY & ASSOCIATES, INC.<br><br>Defendants. | Case No. CV12-7360 MRP (MRWx)<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER SECTION 112(f)**<br><br>Date: February 13, 2014<br>Time: 1:30 P.M. |

# INTRODUCTION

The basis for this motion is simple: federal law prohibits "means-plus-function" claim elements unless such claim elements appear in a claim "***for a combination***." 35 U.S.C. §112(f) (emphasis added); *In re Hyatt*, 708 F.2d 712, 715 (Fed. Cir. 1983) ("[N]o provision [of §112] saves a claim drafted in means-plus-function format which is not drawn to a combination."). In this case, Claims 1, 2, and 16 of the '604 patent are statutorily invalid because they claim a single element with functional language— "a means for configuring a logical table according to memory"—without combining that element with any other elements. Therefore, summary judgment of invalidity should be granted for Defendants on Claims 1, 2, and 16 of the '604 patent.

# STATEMENT OF UNCONTROVERTED FACTS

Plaintiff asserts two patents in this case, United States Patent Nos. 6,151,604 (the '604 patent) and 6,163,775. Only the '604 patent is the subject of this Motion. Statement of Facts ("SOF") ¶ 1. A copy of the '604 patent is attached as Exhibit A.[1] SOF ¶ 2. Plaintiff asserts, *inter alia*, Claims 1, 2, and 16 of the '604 patent. SOF ¶ 3.

Claim 1 of the '604 patent states in its entirety:

> A data storage and retrieval system for a computer memory, comprising:
>
> > ***means for*** configuring said memory according to a logical table, said logical table including:
> >
> > > a plurality of logical rows, each said logical row having an object identification number (OID) to identify each said logical row, each said logical row corresponding to a record of information;

---

[1] All references to Exhibits in this document are references to the Exhibits attached to the Declaration of Amanda Tessar, submitted concurrently with this document.

> a plurality of logical columns intersecting said plurality of logical rows to define a plurality of logical cells, each said logical column having an OID to identify each said logical column; and wherein
>
> at least one of said logical rows has an OID equal to the OID of a corresponding one of said logical columns, and at least one of said logical rows includes logical column information defining each of said logical columns.

SOF ¶ 4.

Claim 2 of the '604 Patent states in its entirety: "The system of claim 1 wherein said logical column information defines one of said logical columns to contain information for enabling determination of OIDs from text entry."  SOF ¶ 5.

Claim 16 of the '604 Patent states in its entirety:

> A data storage and retrieval system for a computer memory, comprising:
>
>> *means for* configuring said memory according to a logical table, said logical table including:
>>
>>> a plurality of logical rows, each said logical row including an object identification number (OID) to identify each said logical row, each said logical row corresponding to a record of information; and
>>>
>>> a plurality of logical columns intersecting said plurality of logical rows to define a plurality of logical cells, each said logical column including an OID to identify each said logical column, wherein said OID's are variable length.

SOF ¶ 6.

## LEGAL STANDARDS

Summary judgment is proper when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Kegel Co., Inc. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1425 (Fed. Cir. 1997), quoting Fed. R. Civ. P. 56(c). The evidence must be viewed in the light most favorable to the party opposing the motion. *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 970 (Fed. Cir. 1999). In a motion for summary judgment of invalidity, the Court is to view the evidence "in light of the clear and convincing burden that would inhere at trial." *Am. Bioscience, Inc. v. Baker Norton Pharm. Inc.*, No. 00-CV-9589, 2002 WL 54627, at *1 (C.D. Cal. Jan. 11, 2002), citing *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1189 (Fed. Cir. 1996).

## ARGUMENT

35 U.S.C. §112(f) provides that "[a]n element in a claim *for a combination* may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." (emphasis added). "Means-plus-function" claims are not permitted if they do not appear as an element in a claim for a combination. *Id.* A single means claim—*i.e.*, "a claim drafted in means-plus function format which is not drawn to a combination"—must be rejected. *In re Hyatt*, 708 F.2d 712, 715 (Fed. Cir. 1983) ("[N]o provision [of §112] saves a claim drafted in means-plus-function format which is not drawn to a combination, *i.e.*, a single means claim.").[2]

---

[2] Recent district court cases continue to apply the rule in *Hyatt* and reinforce its holding prohibiting single-means claims. *See, e.g., CBT Flint Partners, LLC v. Return Path, Inc.*, 566 F. Supp. 2d 1363, 1371-72 (N.D. Ga. 2008) (discussing *Hyatt* and concluding that in a means-plus-function claim, simply disclosing a computer as the structure to perform the construction lacks sufficient disclosure of structure under §112(f)); *Boston Scientific Corp. v. Micrus Corp.*, 556 F. Supp. 2d 1045, 1066 (N.D. Cal. 2008) (citing *Hyatt* while discussing

The rationale for this rule is that a "single means claim . . . covers every conceivable means for achieving the stated result, while the specification discloses at most only those means known to the inventor." *Id.* at 714. Thus, historically, single-means claims have long been rejected for "'undue breadth.'" *Id.* (quoting *In re Borkowski*, 422 F.2d 904, 909 (CCPA 1970)). More recently, however, courts reject single-means claims under Section 112. *Id.*

Importantly, the mere presence of subelements of a means-plus-function element that describe the single claimed means does ***not*** convert a prohibited single-means claim into a permissible combination claim. *See id.* at 714 ("A mere recital of a multitude of elements or steps in a claim is not determinative of the invention it defines. . . . Appellant's denomination of every noun in the claim as a separate element ignores the fact that these words function as mere description of the single claimed means.").

Here, Claims 1, 2, and 16 of the '604 patent are impermissible under Section 112 as a matter of law. There can be no dispute of fact (much less a genuine dispute about a material fact) about the plain language of these claims, so summary judgment regarding this "single means" issue should be granted.

Claims 1, 2, and 16 each claim a "means for configuring said memory according to a logical table" without combining that element with any other

---

whether the "other structure" in an invention disclosed through the relationship of the device and some other structure may be described in a means-plus-function format); *Glaxo Wellcome, Inc. v. Eon Labs Mfg., Inc.*, No. 00 Civ. 9089 LMM, 2002 WL 1874830, at *4 n.3 (S.D.N.Y. Aug. 13, 2002) (citing *Hyatt* when discussing specificity concerns raised by functional claiming); *TV/Com Int'l, Inc. v. Mediaone of Greater Fla., Inc.*, No. 3:00-cv-1045-J-21HTS, 2001 WL 36169709, at *17 (M.D. Fla. Aug. 3, 2001) (citing *Hyatt* and determining that there was not a single-means claim where multiple means were stated in each individual claim); *see also Genentech, Inc. v. Wellcome Found. Ltd.*, 29 F.3d 1555, 1570 (Fed. Cir. 1994) ("defining a substance only by its function, encompassing all substances that accomplish that result, is akin to a single means claim, which might fail to satisfy the definiteness requirement"); *Fiers v. Revel*, 984 F.2d 1164, 1171 (Fed. Cir. 1993) (citing *Hyatt* to hold that a count purporting to cover all DNAs that code for β–IF was analogous to an impermissible single-means claim).

element. All other language in these claims simply describes the logical table of the single-means element, and does not constitute new elements to be combined with the means for configuring memory according to a logical table. *See Hyatt*, 708 F.2d at 714 ("these words function as mere description of the single claimed means"). There is only one means described in each claim, with no additional elements. Thus, Claims 1, 2, and 16 are single-means claims that are prohibited pursuant to *Hyatt* and Section 112. They cover every conceivable structure for configuring memory according to the logical table described, which is not allowed by the statute. Therefore, summary judgment on Claims 1, 2, and 16 is appropriate.

## CONCLUSION

Defendants therefore respectfully request that the Court enter summary judgment of invalidity for Defendants on Claims 1, 2, and 16 of the '604 patent.

DATED: December 6, 2013.                Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Chad S. Campbell*
    Chad S. Campbell
    Lauren Sliger
    Amanda Tessar (*pro hac vice*)

*Attorneys for Defendants and Counterclaimants Microsoft Corporation, Fiserv, Inc., Intuit Inc., and Jack Henry & Associates, Inc.*

DATED: December 6, 2013.

**BROWN, WEGNER & BERLINER LLP**

By: *s/ William J. Brown, Jr.*
William J. Brown, Jr.
Janet S. Park

*Attorneys for Defendant and Counterclaimant Sage Software, Inc.*