Links: 125

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ENFISH, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION; FISERV, INC.; INTUIT, INC.; SAGE SOFTWARE, INC.; and JACK HENRY & ASSOCIATES, INC.,<br><br>    Defendants. | Case No. 2:12-cv-7360-MRP-MRWx<br><br>**Order Granting Defendants' Motion for Summary Judgment as to Invalidity Under 35 U.S.C. § 112(f)** |

## I.    INTRODUCTION

Plaintiff Enfish, LLC ("Enfish") has sued Defendants Microsoft Corporation, Fiserv, Inc., Intuit, Inc., Sage Software, Inc., and Jack Henry & Associates, Inc. (collectively, "Defendants") for infringement of two patents: U.S. Patent No. 6,151,604 ("the '604 Patent") and U.S. Patent No. 6,163,775 ("the '775 Patent"). Defendants move for summary judgment of invalidity as to Claims 1, 2, and 16 of the '604 Patent as an invalid single-means claim under 35 U.S.C. § 112.

-1-

## II. TECHNICAL BACKGROUND

The technical background of the invention of the '604 Patent is set forth in this Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment of Anticipation.

Claims 1, 2, and 16 of the '604 Patent are means-plus function claims directed to a data storage system. Asserted Claims 1 of the '604 Patent claims:

> A data storage and retrieval system for a computer memory, comprising:
> means for configuring said memory according to a logical table,
> said logical table including:
> a plurality of logical rows, each said logical row having an object identification number (OID) to identify each said logical row, each said logical row corresponding to a record of information;
> a plurality of logical columns intersecting said plurality of logical rows to define a plurality of logical cells, each said logical column having an OID to identify each said logical column; and wherein
> at least one of said logical rows has an OID equal to the OID of a corresponding one of said logical columns, and at least one of said logical rows includes logical column information defining each of said logical columns.

Claim 2 is dependent on Claim 1 and adds a clause requiring a logical column "contain[ing] information for enabling determination of OIDs from text entry." Independent Claim 16 claims the same limitations as Claim 1, but omits the language requiring a row defining a logical column and instead requires OIDs of variable length.

On July 15, 2013, the Court construed claim terms from the '604 and '775 Patents, including the structure and algorithms required for the "means for configuring" of Claims 1, 2, and 16 of the '604 Patent. *See* Claim Construction Order, Dkt. No. 86.

### III. LEGAL STANDARD

#### A. Summary Judgment

The Court shall grant summary judgment if there is no genuine dispute as to any material fact, as supported by facts on the record that would be admissible in evidence, and if the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In order to grant summary judgment, the Court must identify material facts by reference to the governing substantive law, while disregarding irrelevant or unnecessary factual disputes. *Anderson*, 477 U.S. at 248. The Court must view facts and draw reasonable inferences in favor of the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). If there is any genuine dispute about a material fact such that a reasonable jury could return a verdict for the nonmoving party, summary judgment cannot be granted. *Id.* If the party moving for summary judgment does not bear the burden of proof as to a particular material fact, the moving party need only give notice of the absence of a genuine issue of material fact so that the non-moving party may come forward with all of its evidence. *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307–08 (Fed. Cir. 2006).

#### B. Means-Plus Function Claiming for a Single Means

Single means claims, which are claims that contain only one claim element that is described in means-plus function language, are not explicitly prohibited by statute or common law. Instead, single means claims are prohibited because after the Supreme Court prohibited functional claiming,[1] Congress passed 35 U.S.C.

---

[1] For a thorough discussion of the historical practice of functional claiming, *see* Mark A. Lemley, *Software Patents and the Return of Functional Claiming*, 914–15 (Stanford Public Law Working Paper No. 2117302, Oct. 12, 2012) (available at http://ssrn.com/abstract=2117302) (last visited Mar. 30, 2014):
> By the 1940s, functional claiming of this sort had become widespread. But the lower courts were increasingly skeptical of such broad claims. The Supreme Court rejected the practice in 1946 in *Halliburton Oil Well Cementing Co. v. Walker*. In that case the patentee had drafted its claim entirely in functional terms, referring to "means for" performing various functions. The Court held that the patent claim was indefinite because it did not specify how the patent performed the

1  § 112 ¶ 6, now section (f). Section 112(f) provides that "[a]n element in a claim
2  *for a combination* may be expressed as a means or step for performing a specified
3  function . . . ." 35 U.S.C. § 112(f) (emphasis added). In *Halliburton Oil*, the
4  Supreme Court prohibited the use of combination claims using functional language
5  to describe the point of novelty as failing to adequately describe the invention.
6  According to the *Halliburton Oil* Court, "broad functional claims" prevented other
7  inventors from experimenting and developing new technology that "accomplished
8  the same purpose" as the patented invention but was not "an actual equivalent."
9  329 U.S. at 12. Simply put, if the point of novelty of an invention could be
10 claimed using only functional language, the scope of the patent would be unduly
11 broad, covering subsequent technology that the patentee had not invented.
12     Section 112(f) permitted combination claims in means-plus-function format
13 because Congress sought to allow limited types of functional claiming.
14 Specifically, Congress sought to allow functional claims only as part of a
15 combination of claim elements and only with sufficient structure recited in the
16 specification. The plain language of the statute indicates that both requirements
17 must be met in order to validly claim a function.
18     Since the passage of 35 U.S.C. § 112(f), few cases have analyzed the
19 combination requirement for means-plus-function claims. The Federal Circuit has
20 affirmed rejection of a single means claim under 35 U.S.C. § 112 ¶ 1, now section
21 (a), for failing to provide "enabling disclosure . . . commensurate in scope with the
22 claim under consideration." *In re Hyatt*, 708 F.2d 712, 714 (Fed. Cir. 1983). A
23 single means claim "covers every conceivable means for achieving the stated

---

function or limited the invention to the particular means the patentee actually invented. Substituting broad functional language at the very point of novelty, the Court said, did not sufficiently put the world on notice of what the patentee was removing from the world. Patent lawyers understood *Halliburton* to end the practice of functional claiming, though some courts—notably including Judge Learned Hand—sought to rehabilitate the practice. Undeterred, the patent lawyers took their case to Congress. Six years later, when Congress passed the Patent Act of 1952, it acted to "modify or render obsolete" the *Halliburton* decision and permit functional claiming subject to some conditions.

result, while the specification discloses at most only those means known to the inventor." *Id*. The *Hyatt* Court viewed the rejection as proper on the "factual premise" that the claim was a single means claim and affirmed rejection under § 112 generally. *Id*. at 715.

In *Fiers v. Revel*, the Federal Circuit again addressed a single means claim. 984 F.2d 1164 (Fed. Cir. 1993). After analyzing the claim and finding the written description inadequate, the *Fiers* court stated that because the claim was "also analogous to a single means claim," and therefore failed "to comply with" § 112(a). 984 F.2d at 1171. The *Fiers* court reiterated that single means claims "attempt to preempt the future before it has arrived" by claiming all results without describing all the means to do so. *Id*.

The U.S. Patent and Trademark Office ("P.T.O.") continues to reject patent applications under § 112(a) for failure to claim a combination in a means-plus-function claim. *See, e.g.*, *Ex Parte Lev and Salazar*, No. 2009-004431, 2010 WL 337240 (B.P.A.I. Jan. 28, 2010). The P.T.O. has stated that it is "incorrect to argue that the breadth or scope of a 'single means' claim must be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. *Id*. at *7. Nor is an analysis of the written description doctrine required; a single means claim is prima facie invalid for lack of adequate written description.[2] *Id*. at *6–7.

District courts have also wrestled with the question of single means claims. In *Boston Scientific Corp. v. Micrus Corp.*, the district court held that a claim disclosing a single structure properly used a mean-plus-function format to describe

---

[2] In *Amgen, Inc. v. Chugai Pharm. Co.*, the district court found that functional claim that was not a combination was invalid not as a single means claim but instead as not enabled because the accused infringer showed by clear and convincing evidence that undue experimentation was required to make and use the invention as claimed. No. 87-cv-2617-Y, 1989 WL 169006, at *3, *53–58 (D. Mass. Dec. 11, 1989). To the extent that the *Amgen* court, writing prior to the *Fiers* case, treated the "essential question" of a single means claim as whether "the scope of the enablement [of the single means claim] is as broad as the scope of the claim itself," this Court disagrees. *Id*. at *54. *Fiers*, *Hyatt*, and the P.T.O.'s administrative proceedings make clear that no enablement analysis is required.

1    the relationship between the claimed element and another structure.  556 F. Supp.
2    2d 1045, 1066 (N.D. Cal. 2008).  The claim at issue in Boston Scientific claimed a
3    structure, "at least one strand of flexible material moveable . . . through a means
4    for" delivery.  *Id.* at 1065.  The "means" portion of the claim was therefore not the
5    only element of the claim.  A second district court addressed the question of what
6    qualifies as a combination claim.  Following the Federal Circuit's direction, the
7    district court read the claim "in accordance with the precepts of English grammar"
8    and that each noun in the claim following the "means for" language could not be
9    denominated as a separate element.  *CBT Flint Partners, LLC v. Return Path, Inc.*,
10   566 F. Supp. 2d 1363, 1371 (N.D. Ga. 2008) (citing *Hyatt*, 708 F.2d at 714).
11   However, because the claim included two verbs, each denoting a different
12   function—detecting and comparing, the claim included more than one element.
13   *CBT Flint*, 566 F. Supp. 2d at 1372.

## IV.   DISCUSSION

   Claims 1, 2, and 16 are not directed to a combination and are therefore
impermissible single means claims under 35 U.S.C. § 112(a).

   Each of Claims 1, 2, and 16 list only one element after the term "comprising"—
a "means for configuring said memory according to a logical table."  Every other
requirement of the claim describes an attribute of the configured logical table.
There is no other verb in the claims that corresponds to another function performed
by the claimed means.  As stated in *Hyatt*, a grammatically correct reading shows
that the additional indented paragraphs of the claim list nouns describing attributes
of the logical table and therefore only provide additional descriptions of the single
claimed functional element.  *See* 708 F.2d at 714.  Although these claims have
even more lengthy descriptions than claim as issue in *Hyatt*, the fact remains that
this "mere recital of a multitude of elements . . . is not determinative of the
invention [the claim] defines."  *Id.*  Claims 1, 2, and 16 are single means claims,
regardless of the number of nouns listed after the "means for" language.

Enfish argues that the patent examiner's statement of reasons for allowance of the '604 patent states that "[t]he claims are interpreted in light of the specification as required by 35 U.S.C. 112 sixth paragraph and . . . contain allowable subject matter because none of the prior art teaches or suggests a data storage and retrieval system for a computer memory including means for configuring the memory according to a logical table as described." P.T.O. Examiner Coby's statement that the claims are interpreted under 35 U.S.C. § 112(f) and allowable under §§ 102 and 103 cannot be read to say that Examiner Coby considered the claims to be combination claims. The examiner's statement about prior art does not create a material issue of fact with regard to whether the claims are directed to a single means.

The case law clearly establishes that single means claims are invalid under 35 U.S.C. § 112(a), without recourse to a written description analysis regarding the scope of the disclosure or claim. Therefore, because the Court finds that Claims 1, 2, and 16 are single means claims, it follows that the claims are invalid under 35 U.S.C. § 112(a).

## V.    CONCLUSION

Having read and considered the briefs and arguments of the parties, the Court concludes that Claims 1, 2, and 16 of the '604 Patent are invalid under 35 U.S.C. § 112(a). The Court therefore **GRANTS** Defendants' Motion for Summary Judgment of Invalidity.

IT IS SO ORDERED.

DATED: March 31, 2014       _____
                            Hon. Mariana R. Pfaelzer
                            United States District Judge