Tom Friel (SBN 80065)
tfriel@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Jim Brogan (SBN 155906)
jbrogan@cooley.com
Orion Armon (*pro hac vice*)
oarmon@cooley.com
Peter Sauer (*pro hac vice*)
psauer@cooley.com
Britton Davis (*pro hac vice*)
bdavis@cooley.com
Janna Fischer (*pro hac vice*)
jfischer@cooley.com
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

William Donovan (SBN 155881)
wdonovan@cooley.com
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

**ATTORNEYS FOR PLAINTIFF ENFISH, LLC**

Chad S. Campbell (SBN 258723)
CSCampbell@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000

Amanda Tessar (*Pro Hac Vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth St., Suite 1400
Denver, CO 80202
Telephone: (303) 291-2357
Facsimile: (303) 291-2487

Lara J. Dueppen (SBN 259075)
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: (310) 788-3349
Facsimile: (310) 788-3399

**ATTORNEYS FOR DEFENDANTS MICROSOFT CORPORATION, FISERV, INC., INTUIT INC., AND JACK HENRY & ASSOCIATES, INC.**

*(Additional counsel for these and other Defendants listed on signature page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ENFISH, LLC,

Plaintiff,

v.

MICROSOFT CORPORATION; FISERV, INC.; INTUIT, INC.; SAGE SOFTWARE, INC.; and JACK HENRY & ASSOCIATES, INC.,

Defendants.

Case No. CV12-7360-AG-MRW

**JOINT STATUS REPORT**

Date: September 26, 2016
Time: 10:00 a.m.

## A. INTRODUCTION

The Federal Circuit has remanded this case after reversing-in-part, vacating-in-part, and affirming-in-part the judgment previously entered for Defendants based on four summary judgment decisions. Also, the asserted patents are subject to pending cross appeals from *inter partes* review decisions by the Patent Office. The cross-appeals have been fully briefed and are awaiting oral argument at the Federal Circuit.[1] Until the cross-appeals are decided (probably in the latter part of this year or early 2017), the parties agree that further case activity in this Court should not resume. The parties disagree, however: (1) whether Enfish should be permitted to amend its infringement contentions and what the process and timing for deciding that question should be; (2) what the timing and scope of discovery related to potential IPR estoppel issues should be; and (3) whether the Court should set a schedule now for events to follow the pending IPR cross-appeals or await the Federal Circuit's IPR appeal decision before setting a schedule. Enfish believes that, if this Court desires, early briefing and a decision on whether Enfish can amend its infringement contentions would help define the scope of the case. Defendants believe that, as this Court concluded before, Enfish had every opportunity to assert the claims it wanted to and should not be permitted to amend its infringement contentions.

## B. DISTRICT COURT LITIGATION HISTORY

Enfish filed this case against Defendants on August 27, 2012, asserting that Defendants had infringed two related patents (U.S. Patent Nos. 6,151,604 and 6,163,775), which have since expired. [Dkt. 1][2] The accused products were: (a) ADO.NET software, which is one part of a larger library of software routines

---

[1] *Microsoft Corp. v. Enfish LLC*, Nos. 15-1734, -1736, -1737, -1738, -1739, -1740, -1741, & -1742.

[2] Enfish filed a First Amended Complaint on October 22, 2012. [Dkt. 30]

used to write programs for Windows® operating systems and may be used to translate data from various formats used in different applications into a standard format; and (b) other software programs that allegedly used or were related to ADO.NET.

The case was assigned to Judge Mariana Pfaelzer, who ordered the parties to exchange infringement and invalidity contentions and set a schedule for claim construction briefing with a hearing to follow. [Dkts. 45 & 55] On December 21, 2012, Enfish served its Infringement Contentions for each Defendant. Each set of Infringement Contentions spanned approximately 150 pages and identified the same eleven asserted claims: Claims 1, 2, 16, 17, 31, 32, 46, and 47 of the '604 patent and Claims 31, 32, and 47 of the '775 patent.[3] On February 7, 2013, Defendants served their Invalidity Contentions.[4] After initial claim construction briefing (Dkts. 72 & 73), the Court held a *Markman* hearing on April 9, 2013 (Dkt. 74). After supplemental briefing (Dkts. 76 & 77), the Court issued an order construing various disputed claim terms on July 15, 2013. [Dkt. 86]

Following the claim construction order, at Judge Pfaelzer's request, the parties stipulated to a schedule for discovery and briefing on early motions for summary judgment of invalidity. [Dkts. 92 & 101] Under the stipulation approved by the Court, limited fact discovery was permitted on: (a) invalidity contentions and invalidity facts; (b) core technical documentation for ADO.NET; and (c) inventor depositions on invalidity, conception and reduction to practice. [Dkt. 101] Expert depositions were permitted on any expert declarations that the parties submitted to support or oppose the motions. [*Id.*]

---

[3] Enfish's Infringement Contentions were later filed with the Court on May 15, 2013. [Dkt. 81 to 85.]

[4] Defendants' Invalidity Contentions were later filed with the Court on August 26, 2013. [Dkt. 96.]

Defendants then filed two motions for summary judgment of invalidity—first that Claims 1, 2, and 16 of the ’604 patent were invalid under Section 112(f); and second that all eleven asserted claims were invalid as anticipated by Excel 5.0. [Dkts. 125 & 129]

While those summary judgment motions were pending, Enfish filed a motion for leave to amend its Infringement Contentions on December 23, 2013. Specifically, Enfish sought to assert an additional ten claims in the ’604 patent that had not previously been asserted. [Dkt. 154.]

On March 31, 2014, the Court heard argument on Defendants’ two summary judgment motions and on Enfish’s motion to amend its Infringement Contentions. In a series of orders, the Court:

- granted Defendants’ Excel 5.0 motion in part, holding that seven of the asserted claims (Claims 31, 32, and 47 of each patent and Claim 46 of the ’604 patent) were invalid, but concluding that fact disputes precluded summary judgment of anticipation on the remaining four asserted claims (Claims 1, 2, 16, and 17 of the ’604 patent) (Dkt. 241);[5]
- granted Defendants’ Section 112(f) motion in full, holding that Claims 1, 2, and 16 of the ’604 patent were invalid (Dkt. 242); and
- denied Enfish leave to amend its contentions to assert additional claims, finding an absence of good cause for the request and a threat of unfair prejudice to Defendants (Dkt. 243).

After these decisions, only Claim 17 of the ’604 patent remained at issue. Enfish proposed staying the case in favor of then-pending IPR petitions that Microsoft had filed (discussed in more detail below). Defendants, by contrast, sought leave to submit a motion for summary judgment of noninfringement of Claim 17 based on Enfish’s Infringement Contentions which, if granted, would dispose of the case. [Dkt. 247] The Court granted the requested leave (Dkt. 248), and the parties stipulated to a schedule for discovery and briefing on the

---

[5] Enfish moved for reconsideration of this decision on May 7, 2014. [Dkt. 252] That motion for reconsideration was denied on June 26, 2014. [Dkt. 275]

noninfringement motion (Dkt. 250). Defendants filed the noninfringement motion as to Claim 17 of the ’604 patent on June 6, 2014. [Dkt. 262]

Less than two weeks later, on June 19, 2014, the United States Supreme Court issued its decision in *Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347 (2014). On August 22, 2014—before Defendants’ noninfringement summary judgment motion had been resolved—the Court issued an order directing the parties to brief whether the eleven asserted claims of the ’604 and ’775 patents were directed to patentable subject matter under Section 101, ordering Defendants to file their opening brief on this question on September 5, 2014. [Dkt. 297.] The Defendants (other than Fiserv) moved for summary judgment of invalidity under Section 101 on September 5, 2014. [Dkt. 298]

The Court granted summary judgment of patent ineligibility under Section 101 for all eleven originally-asserted claims on November 3, 2014. [Dkt. 303] A few weeks later, on November 20, 2014, the Court also granted summary judgment of noninfringement as to Claim 17 of the ’604 patent and entered final judgment for Defendants. [Dkts. 306 & 309]

Enfish filed a notice of appeal as to the claim construction order, the four summary judgment orders, and the order denying leave to amend the Infringement Contentions. In the briefing to the Federal Circuit, Enfish ultimately challenged only the orders and resulting judgment as to Claims 17, 31 and 32 of the ’604 patent and Claims 31 and 32 of the ’775 patent.

In a decision dated May 12, 2016, the Federal Circuit reversed the orders of summary judgment of invalidity as to Claims 17, 31 and 32 of the ’604 patent and Claims 31 and 32 of the ’775 patent, affirmed summary judgment of noninfringement as to Claim 17 of the ’604 patent and remanded to this Court. [Dkt. 326] No petitions for rehearing or certiorari were filed.

As a result, four asserted claims are currently at issue in this Court: Claims 31 and 32 of the ’604 patent and claims 31 and 32 of the ’775 patents. Each of

these claims is subject to appeals and/or cross-appeals of IPR proceedings, which are fully briefed and are likely to be heard before the end of this year, as discussed in further detail below.

### C. IPR History and Appeal[6]

After Enfish filed suit, but before the district court issued its summary judgment rulings, Microsoft petitioned for *inter partes* review. Microsoft petitioned for review of all 120 claims in the two patents in nine IPRs. The PTAB instituted review of 108 of the claims and ultimately issued a mixed set of rulings that terminated review as to 54 claims due to indefiniteness, canceled 18 claims for invalidity over prior art, and found that Microsoft had failed to prove invalidity for the other 36 claims.

Microsoft and Enfish have cross-appealed from the PTAB's determinations in appeals that are currently pending before the Federal Circuit. *Microsoft Corp. v. Enfish LLC*, Nos. 15-1734, -1736, -1737, -1738, -1739, -1740, -1741, and -1742. All appeals were fully briefed as of May 23, 2016. Microsoft and Enfish are awaiting an oral argument date, which they anticipate in November of 2016, with a decision to follow by or in early 2017.

All four of the patent claims that are currently at issue in this Court are subject to the IPR appeals. Specifically, Enfish is appealing the IPR cancelation of Claims 31 of both patents, and Microsoft is appealing the IPR decision not to cancel Claims 32 in both patents. Enfish is also appealing the PTAB's construction of the term "OID," which is an element of every claim at issue in the IPR appeal.

---

[6] Counsel for Sage Software notes that neither Sage nor its counsel participated in the IPR proceedings or the related appeals. Similarly, Fiserv, Intuit and Jack Henry and Associates did not participate in the IPR proceedings or the related appeals.

### D. Next Steps For The District Court Litigation

The parties agree that discovery and other case activities in this Court should not resume until the Federal Circuit's decision on the pending IPR appeals is final. At that point, the parties propose that they be permitted to confer and submit an updated report to the Court regarding the case schedule.

Enfish wishes to raise two items for consideration at the upcoming status conference, about which the parties have starkly differing views. Enfish wishes to amend its infringement contentions to add claims that survived the IPR proceedings. Enfish also wishes to take discovery as to whether the other Defendants are in privity with Microsoft for purposes of IPR estoppel. Enfish wishes to fully brief its request to amend its infringement contentions and add claims in advance of the Federal Circuit's ruling. It seeks the Court's guidance as to a briefing schedule.

Defendants oppose Enfish's second attempt to modify its infringement contentions and submit that questions of potential discovery regarding IPR estoppel should be addressed after the pending cross-appeals have been decided.

#### 1. Enfish's Proposal To Amend Its Infringement Contentions To Add New Theories And Claims

***Enfish's Position:***

Enfish seeks leave to assert additional patent claims that are not found invalid after completion of Microsoft's 9 IPRs. Under Enfish's proposal, both parties would have the opportunity to amend their contentions. Enfish would add claims to its infringement contentions and update its contentions if necessary to reflect case developments (e.g., claim construction by the Federal Circuit), and Defendants would update and augment their invalidity contentions to identify any new or remaining invalidity theories that they contend are viable in light of estoppel.

Enfish seeks to amend its infringement contentions for four reasons, none of which existed, and none of which were raised, when it sought to amend its infringement contentions previously. Each of the following reasons provides an independent basis for allowing amendment. The arguments are summarized briefly below. Enfish requests the opportunity to fully brief these arguments and seeks the Court's guidance as to timing for briefing. Although Enfish agrees that amending its contentions should wait until after the Federal Circuit's decision, early briefing on whether Enfish can amend could occur now, while the parties await a final decision from the Federal Circuit in the IPR appeals.

- First, Microsoft (which is defending and indemnifying all Defendants) challenged the validity of every claim in the two patents-in-suit in nine petitions for IPR, asserting 74 separate combinations of prior art against all 120 claims in the '604 and '775 patents. The Patent Office found only 18 claims, 9 from each patent, invalid and only on 12 combinations of prior art. Claims 1-26, 30, 32, 36-37, 55, 56, and 60 of both patents, as well as claims 43 of the '604 patent and 42 of the '775 patent, have survived multiple IPRs. Of the presently-surviving patent claims, only claim 32 from each patent is currently asserted in this litigation. Microsoft took 9 opportunities to invalidate the claims of the 2 patents-in-suit, so it is equitable to allow Enfish to amend its contentions to assert additional claims that were not found invalid. The Defendants will not be unfairly prejudiced because any claims that might be newly asserted in amended infringement contentions were already tested multiple times in the nine IPRs.
- Second, events have developed in this case, and the developments in the Patent Office and on appeal should be taken into account.
- Third, this Court's standing order contemplates amending infringement contentions based on developments in a case, so

amendment is consistent with the Court's typical process for adjudicating patent cases.

- Fourth, Defendants will need to amend their invalidity contentions in any event to take into account the statutory estoppel under 35 U.S.C. § 315(e)(2) arising from the IPRs even if this Court does not allow Enfish to amend its infringement contentions.

The assertion of additional claims should not require additional claim construction. Other than with respect to claim terms that were disputed as part of the § 101 appeal (i.e., the "single–table, self-referential" claims), neither party appealed Judge Pfaelzer's claim constructions. On appeal, the Federal Circuit ruled that the invention was limited by the specification to a single table that uses OIDs in that table to create self-referentiality but did not remand for further claim construction. *Enfish, LLC v. Microsoft Corp*., 822 F.3d 1327, 1337 (Fed. Cir. 2016). Enfish does not seek any additional claim construction. And Defendants have not identified any claim term that was not previously raised in claim construction briefing that requires construction now. If a dispute later arises over a claim term that the parties did not previously identify for construction, the issue may be raised by motion if and when it occurs.

***Defendants' Position:***

If the Court is to entertain Enfish's request to modify and expand its infringement contentions, Defendants request an opportunity for full briefing, but provide a truncated preview of their position here:

Enfish previously moved for leave to amend infringement contentions to add more asserted claims many months after claim construction and after Defendants had served a lengthy expert declaration and filed their motions for summary judgment of anticipation and invalidity under Section 112(f). The Court denied leave because (i) Enfish had not shown good cause for not asserting the additional claims in the first place, (ii) efficient case management would be upended, and (iii)

Defendants would suffer prejudice since they had already developed and advanced litigation positions relying on Enfish's original contentions and claim selection for more than a year. [Dkt. 243]

In its notice of appeal to the Federal Circuit from the judgment in this case, Enfish identified the order denying leave to amend contentions and add claims as a point it would challenge (Dkt. 318). Ultimately, however, Enfish failed to brief or argue the point to the Federal Circuit, although it certainly could have. As a result, the order denying leave and the findings supporting that denial became the law of the case when the Federal Circuit remanded. Enfish is now precluded from contesting them.

The absence of good cause and the threat of real prejudice to Defendants from a redo of infringement contentions and claim selection have not changed. Enfish had access to the source code (*i.e.*, the technical software architecture and design) for the accused products before filing suit. Enfish had every opportunity to assert the claims it now belatedly seeks to add when serving its original contentions in late 2012. Adding new claims to the case now would prejudice defendants. Defendants have now made more than three and one-half years' worth of litigation decisions and investments of time and expense to defend this case based on the original infringement contentions and asserted claims. Those decisions and expenditures cannot be redone or recaptured.

Enfish has ***never*** disclosed an infringement theory of any kind for the claims it proposes to add four years into the case. And it appears to be planning to make changes to its infringement theory for Claims 31 and 32 of the patents, if they survive the pending cross-appeals. Adding new claims to the case or permitting Enfish to change its infringement theories for Claims 31 and 32 would force the Court to repeat tasks such as claim construction. Although Enfish states that it seeks no additional claim construction, if Enfish were permitted to change its infringement theories or add new claims that were not previously part of the case,

Defendants would of course be entitled to raise any dispute of claim construction not already decided. Any claims that Enfish might seek to add would have different claim language than, and terms not present in, the claims already asserted and litigated. Thus, if Enfish's proposed changes were permitted, repeating the claim construction exercise would be unavoidable.

The list of completed tasks to repeat would not end there. For example, the PTAB declined to institute review on the prior art combinations presented in four of Microsoft's IPR petitions, concluding that those grounds were redundant of other grounds on which review and trial were instituted. Under the Federal Circuit's recent decisions, estoppel cannot extend to the redundant grounds. *See Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016). Because Microsoft did not include many of those grounds in its original invalidity contentions, amending contentions would result in a sizeable expansion of the invalidity issues now before the Court, without regard to the estoppel issues Enfish has raised.

**2. Enfish's Request For Discovery Regarding IPR Estoppel**

***Enfish's Position:***

Enfish seeks the Court's guidance on how best to address discovery issues related to the statutory estoppel that arises from IPR. A petitioner in an IPR cannot later assert "in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2) (emphasis added). Counsel for Enfish has not located any reported district court cases that have dealt with how statutory estoppel applies to indemnified defendants. In light of this estoppel provision, Enfish seeks discovery in two areas:

- Amended invalidity contentions: Microsoft (and likely its co-defendants) is estopped from presenting invalidity theories they raised

or reasonably could have raised in the IPRs. Even if this Court does not allow Enfish to amend its infringement contentions, the Defendants should be ordered to revise their invalidity contentions to identify the invalidity theories that they contend they may still assert in this proceeding.

- Privity: Enfish seeks discovery regarding the application of IPR estoppel to non-Microsoft Defendants. Microsoft is fully indemnifying and defending its co-defendants. In light of the defense and indemnification relationship, Enfish seeks discovery regarding the nature of Microsoft's defense and indemnification relationship with its co-defendants and concerning their level of involvement in the IPRs to ascertain whether the other Defendants are in privity with Microsoft and therefore are bound by statutory estoppel. "Privity, traditionally, arose from a limited number of legal relationships [including] indemnitors and indemnitees." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053 (9th Cir. 2005); *see also Evans v. Gilmore*, No. 15-CV-01772-MEJ, 2015 WL 4463747, at *4 (N.D. Cal. July 21, 2015).

After Enfish obtains discovery in these areas, a schedule should be set for Enfish to file a motion if it concludes that Microsoft's co-defendants are subject to statutory estoppel as a result of their indemnification relationship with Microsoft, or because of their participation in the IPRs.

***Defendants' Position:***

Just as Enfish should not be permitted to expand the asserted claims and enlarge its infringement contentions, Defendants are not seeking to enlarge their invalidity contentions. Defendants are, however, willing to advise Enfish of their respective positions about how IPR estoppel may limit the previously disclosed invalidity contentions within 45 days of the Federal Circuit's final decision on the

cross-appeals by Enfish and Microsoft. (In doing so, Defendants disagree that any formal amendment of their invalidity contentions would be needed for any narrowing of invalidity theories to be pursued.)

Defendants also believe that the parties should meet and confer about what, if any, discovery regarding purported privity issues should be taken ***after*** the Federal Circuit has ruled and the scope of the remaining dispute is known. The Federal Circuit's decision could obviate the need for or influence the proper focus of such discovery. Only then, and only if there are unresolved disagreements between the parties, would the Court's help be needed.

Here, Microsoft alone filed, funded and controlled the IPRs. Fiserv, Intuit, Jack Henry and Sage are not privies merely because some of them share counsel with Microsoft here. *See, e.g.*, *Aruze Gaming Macau, Ltd. v. MGT Gaming, Inc.*, IPR2014-01288 at 19 (Order Instituting IPR, Feb. 20, 2015) ("Nor are we persuaded that AGA and AGM are privies due to their common counsel.") (internal citation omitted). Customers are not generally privies with their suppliers, either. *See, e.g.*, *Nestle USA, Inc. v. Steuben Foods, Inc.*, IPR2015-00195, 2015 WL 4036033 at *6 (Order Instituting IPR, June 29, 2015) (manufacturer not typically in privity with unaffiliated customer). Even the purported existence of a possible indemnity relationship does not necessarily create privity. *See, e.g.*, *Broadcom Corp. v. Telefonaktiebolaget LM Ericsson*, IPR2013-00601 (Order, Jan. 24. 2014) (denying discovery regarding privity issues notwithstanding an admitted indemnity obligation by the petitioner/supplier). Thus, even if Enfish's unsubstantiated assertions that Microsoft is fully indemnifying the other defendants were correct (they are not), that would be no basis for permitting the invasive discovery that Enfish seeks, much less front-loading it in a phased manner in anticipation of a dispute that may never materialize.

**3. Scheduling Proposals**

The parties agree to file a joint status report 45 days after the Federal Circuit issues its opinion in the appeal from the IPR decisions.

***Enfish's Position:***

Enfish requests that the Court set a schedule now, triggering off of the Federal Circuit's decision, so that there is a framework for this case to move forward when the IPR appeal is completed. See Appendix A. The likelihood is that claims will survive the IPR appeals. The Federal Circuit affirmed approximately 80 percent of the PTAB appeals brought between January and June of this year. Putting a proposed schedule in place now will save time and effort later. To address Defendants' concerns below:

- As discussed above, Enfish is not seeking additional claim construction and Defendants have not identified any term that would need to be construed.
- Enfish believes this case would benefit from early estoppel discovery and findings on whether the non-Microsoft Defendants are estopped. The determination on estoppel will determine the scope of discovery in this case.

***Defendants' Position:***

Defendants believe that it makes more sense to delay setting a schedule until after the Federal Circuit decision in the IPR appeals. Enfish has listed more than 100 witnesses in its disclosures and has accused more than 80 products. Defendants believe that the parties should have the opportunity to discuss both a schedule and appropriate and proportional limits to the discovery once the scope of the asserted claims is resolved. The parties can then submit their dueling schedules (if agreement cannot be reached) and other discovery proposals based on what parts of the case actually survive the appeals. Nevertheless, in the event that the Court

wants to set a schedule now, Defendants note the following high-level concerns with the schedule Enfish has proposed and suggest alternatives in the table below:

- If Enfish receives leave to amend and expand its infringement contentions, more time may be needed. Enfish has not disclosed the new claims or infringement theories it may seek to add or its proposed changes to the existing infringement theories for Claims 31 and 32 of the patents;
- The schedule needs to include a second round of claim construction if Enfish receives leave to amend and expand its infringement contentions. Any new claims will have different claim terms than the previously asserted claims have. In addition, new claim construction issues may arise if Enfish is permitted to make changes to its existing infringement theories;
- Accelerated discovery on privity or real party-in-interest issues is premature and unjustified. If Enfish is denied leave to change its infringement contentions, and depending on how the Federal Circuit rules, estoppel issues could become moot or far less important to Enfish.

DATED: September 19, 2016 Respectfully submitted,

**COOLEY**

By: *s/ Orion Armon*
Orion Armon

**ATTORNEYS FOR PLAINTIFF ENFISH, LLC**

DATED: September 19, 2016

**PERKINS COIE LLP**

By: *s/ Chad S. Campbell*
Chad S. Campbell
Amanda Tessar
Lara J. Dueppen

**ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANTS MICROSOFT CORPORATION, FISERV, INC., INTUIT INC., AND JACK HENRY & ASSOCIATES, INC.**

DATED: September 19, 2016

**BROWN WEGNER McNAMARA LLP**

By: *s/ William J. Brown, Jr.*
William J. Brown, Jr.
Brown Wegner McNamara LLP
2603 Main Street, Suite 1050
Irvine, California 92614
Telephone: (949) 705-0080
Email: bill@bwmllp.com

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT SAGE SOFTWARE, INC.**

## APPENDIX A – Enfish's Proposed Post-Appeal Case Schedule

| Event | Enfish's Proposal | Defendants' Proposal |
|---|---|---|
| **Joint Status Report** | 45 days after Federal Circuit issues its final decision in the appeal from the IPRs | Agreed. |
| **Revised Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production** | 45 days after filing of Joint Status Report if Court permits | No revision to the asserted claims and infringement contentions should be permitted. |
| **Defendants' Disclosure of Invalidity Theories Not Subject to Estoppel** | 45 days after filing of Joint Status Report if Court does not permit Revised Infringement Contentions | Agreed. |
| **Revised Disclosure of Invalidity Contentions and Accompanying Document Production** | 90 days after Plaintiff serves Revised Infringement Contentions if Court permits amendment | Not needed if infringement contentions are not revised.<br><br>90 days needed after service of Revised Infringement Contentions if Court permits amendment. |
| **Deadline for Completion of Discovery on Estoppel** | 90 days after Defendants serve Revised Invalidity Contentions if Court permits amendment<br><br>90 days after Defendants' Disclosure of Invalidity Theories Not Subject to Estoppel if Court does not permit amendment of infringement contentions | No deadline should be set at this time.<br><br>The parties should meet and confer on this discovery after the pending appeals have been finally decided. |

| Event | Enfish's Proposal | Defendants' Proposal |
|---|---|---|
| **Plaintiff's Brief on Estoppel Issue** | 14 days after estoppel discovery deadline | No deadline should be set at this time. |
| **Defendants' Responsive Brief on Estoppel Issue** | 21 days after Plaintiffs' brief on estoppel issue filed | No deadline should be set at this time. |
| **Plaintiff's Reply Brief on Estoppel Issue** | 14 days after Defendants' responsive brief on estoppel issue filed | No deadline should be set at this time. |
| **Exchange of Privilege Logs** | Parties to meet and confer on timing | Agreed. |
| **Deadline for Substantial Completion of Document Production** | 9 months after Revised Infringement Contentions if amendment permitted<br><br>9 months after Disclosure of Invalidity Theories Not Subject to Estoppel if amendment not permitted | If Revised Infringement Contentions are permitted, a schedule should be set after the contentions are known.<br><br>If Revised Infringement Contentions are not permitted, 9 months from disclosure of estoppel positions. |
| **ADR Settlement Conference** | Parties to meet and confer on timing | Agreed |
| **Close of Fact Discovery** | 13 months after Revised Infringement Contentions if amendment permitted<br><br>13 months after Disclosure of Invalidity Theories Not Subject to Estoppel if amendment not permitted | If Revised Infringement Contentions are permitted, a schedule should be set after the contentions are known.<br><br>If Revised Infringement Contentions are not permitted, 13 months from disclosure of estoppel positions. |
| **Opening Expert Reports for Issues on Which Parties Bear the Burden of Proof** | 1 month after close of fact discovery | Agreed. |

| Event | Enfish's Proposal | Defendants' Proposal |
|---|---|---|
| **Rebuttal Expert Reports** | 6 weeks after opening expert reports | Agreed. |
| **Close of Expert Discovery** | 1 month after rebuttal expert reports | Agreed. |
| **Deadline for Dispositive and *Daubert* Motions** | 28 days after the close of expert discovery | Agreed. |
| **Deadline for Oppositions to Dispositive and *Daubert* Motions** | 21 days after dispositive and *Daubert* motions filed | Agreed. |
| **Deadline for Replies to Dispositive and *Daubert* Motions** | 14 days after oppositions to dispositive and *Daubert* motions filed | Agreed. |
| **Pretrial Disclosures** | 6 weeks before trial | Agreed. |
| **Objections to Pretrial Disclosures** | 4 weeks before trial | Agreed. |
| **Final Pretrial Conference** | At the Court's convenience | Agreed. |
| **Trial** | At the Court's convenience | Agreed. |